UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| BRYAN PERRY NELSON COVINGTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 2:20-CV-104-TAV-CRW |
| HAMBLEN COUNTY JAIL,<br>TERESA LAWS,<br>CHAD HUGHS, and<br>ESCOBAR JARNIGAN, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and his motion for leave to proceed *in forma pauperis* in this action [Doc. 1].

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the certified record of Plaintiff's inmate account [Doc. 5] that he lacks sufficient financial resources to pay the filing fee. Accordingly, and pursuant to 28 U.S.C. § 1915, his motion to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

Because Plaintiff is an inmate in the Hamblen County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly

income exceeds $10.00, until the full filing fee of $350.00, as authorized under 28 U.S.C. § 1914(a), has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will be **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING

### A. PLAINTIFF'S ALLEGATIONS

In the early morning hours of March 26, 2020, Plaintiff was engaged in an "altercation" with Chad Hughs, a correctional officer at the Hamblen County Jail [Doc. 2 p. 3–4]. Plaintiff felt another officer touch him from behind, and when Plaintiff turned to see who touched him, Defendant Hughs punched Plaintiff in the face with a closed fist [*Id*. at 4]. A fight erupted [*Id*.]. Alleging excessive force by Defendant Hughs, Plaintiff requests that all charges against him be dropped, that Defendants Laws and Hughs be fired, and that he receive $1 million in damages [*Id*. at 5].

### B. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft*

2

Case 2:20-cv-00104-TAV-CRW   Document 6   Filed 06/17/20   Page 2 of 7   PageID #: 18

*v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### C. ANALYSIS

#### 1. Defendant Hamblen County Jail

Although Plaintiff has named the Hamblen County Jail as a Defendant, a jail is not an entity subject to liability under § 1983. *Cage v. Kent Cty. Corr. Facility*, No. 96-1167, 1997

WL 225647, at *1 (6th Cir. May 1, 1997) ("The district court . . . properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Therefore, Hamblen County Jail will be **DISMISSED** as a Defendant.

### 2. Defendants Laws and Jarnigan

Plaintiff's complaint contains no allegations of wrongdoing by Defendants Captain Teresa Laws or Sheriff Escobar Jarnigan, and therefore, Plaintiff has not stated a claim against either of these Defendants. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)). Moreover, Plaintiff cannot seek to impose liability on either of these Defendants based merely on their positions of authority within the Hamblen County Jail, as a court may not impose liability under § 1983 based on a failure to act and/or a theory of *respondeat superior*. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, Defendants Laws and Jarnigan will be **DISMISSED**.

### 3. Defendant Hughs

Plaintiff alleges excessive force by Defendant Hughs. Specifically, he alleges that Defendant Hughs "sucker punched" him while the two were engaged in an "altercation" that escalated into a fight after Defendant Hughs' actions [*see* Doc. 2 p. 3–4].

In determining whether a prison official has violated the Eighth Amendment's prohibition against excessive force, courts apply a two-part inquiry: (1) "whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm," i.e. the subjective component; *Hudson v. McMillan*,

4

503 U.S. 1, 6–7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)), and (2) whether the conduct, in context, is sufficient serious to offend "contemporary standards of decency," i.e., the objective component. *Id.* at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

The Court finds Plaintiff's allegations plausibly state a claim of excessive force against Defendant Hughs. But this does not end the Court's inquiry into Defendant Hughs' potential liability. "[T]o recover compensatory and punitive damages under the PLRA, it is not enough to establish an Eighth Amendment violation. A prisoner must also establish a "physical injury," meaning an injury that is more than *de minimis*." *Pierre v. Padgett*, No. 18-12276, 2020 WL 1650656, at *4 (11th Cir. Apr. 3, 2020) (citations omitted) (finding that the alleged physical injuries defendant sustained in an altercation with correctional officers ("scrapes, scratches, and minor bruising or swelling"), were no more than *de minimis*); *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . .").

Plaintiff requests an award of $1 million in damages [Doc. 2 p. 5], but he has not alleged that he suffered any discernable injury as a result of the altercation with Defendant Hughs. Accordingly, Plaintiff's Eighth Amendment claim against Defendant Hughs may not proceed, and Defendant Hughs will be **DISMISSED**. *See, e.g., Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) ("[E]ven though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward.").

####            4.      Other Requested Relief

Plaintiff has not stated a viable constitutional claim against any named Defendant. However, the Court, out of an abundance of caution, will address Plaintiff's additional requests for relief. First, Plaintiff seeks the dismissal of his charges, though he does not specify which charges. The Court is uncertain whether Plaintiff is seeking the dismissal of charges imposed on him as a result of his fight with Defendant Hughs, the charges that landed him in the Hamblen County Jail, or both. Regardless, Plaintiff cannot attack the fact of his confinement in a § 1983 suit, and therefore, dismissal of his criminal charges is not relief that is available in this action. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.").

Next, Plaintiff requests that Defendants Laws and Hughs be fired [Doc. 2 p. 5]. However, the Court does not make decisions regarding the employment of Defendants, as such action would "unnecessarily intrude[] on [the prison's] operations" and would constitute "an inappropriate use of the court's equity powers." *LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993) (citations omitted). The Supreme Court has cautioned federal courts from such interference in prison administration. *Shaw v. Murphy*, 532 U.S. 223, 230 (2001). Accordingly, this Court is without authority to suspend the Defendants' employment. *See, e.g.*, *Street v. Rodriguez*, No. 12-13995, 2014 WL 840083, at *5 (E.D. Mich. Mar. 4, 2014) (collecting cases).

### III. CONCLUSION

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE